**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5149**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

KEDI TURONDA HARVELL,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:07-cr-00169-JAB-7)

Submitted:  September 17, 2008          Decided:  November 3, 2008

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Clark Fischer, RANDOLPH AND FISCHER, Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, David P. Folmar, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kedi Turonda Harvell pled guilty to possession of cocaine with intent to distribute, 21 U.S.C.A. § 841(a), (b)(1)(C) (West 1999 & Supp. 2008), after the district court denied her motion to suppress the cocaine. Harvell appeals the denial of her motion to suppress. We affirm.

At the suppression hearing, the government produced evidence that, following a routine traffic stop, Mocksville, North Carolina Detective Nelson Turrentine asked Harvell if she were carrying any weapons or drugs and if she would allow a search of her person. Harvell agreed and was searched by Turrentine's female partner, Detective Robin Robbins. Robbins detected an unusual object in Harvell's crotch area. Harvell volunteered that it was a pad, and offered to go with Robbins into a restaurant restroom for a more extensive search. When they did so, the object was found to be a plastic bag containing more than four ounces of cocaine.

Harvell contends on appeal that her consent to the search was not constitutionally valid because the officers should have allowed her to go once the traffic stop concluded. At the same time, she acknowledges that the Fourth Amendment did not bar the officers from asking her questions once the traffic stop ended, as long as the conversation was consensual. See United States v. Farrior, 535 F.3d 210, 218-19 (4th Cir. 2008). Harvell

2

principally argues that the evidence does not show that she consented to an intrusive pat-down of her genital area. This court reviews the district court's factual findings underlying a denial of a motion to suppress for clear error, and its legal determinations de novo. Id. at 217. Whether an individual's consent to a search is voluntary is a factual question determined under the totality of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 248-49 (1973); Farrior, 535 F.3d at 219.

Harvell argues that her consent could not have been voluntary because the pat-down search in the parking lot was humiliating and degrading, that she suggested going into the bathroom to protect her privacy, and that her purported consent was simply the result of coercive circumstances. However, Harvell produced no evidence at the suppression hearing to counter the officers' testimony that she consented to a search of her person in the parking lot and volunteered to go into the restaurant bathroom with Detective Robbins for a more extensive search, nor was there any evidence of coercion or intimidation by Turrentine or Robbins. We conclude that the district court did not clearly err in determining that Harvell freely consented to the search, and in denying the motion to suppress.

Accordingly, we affirm the district court's denial of the suppression motion, and affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED